Filed 8/24/2023 5:01 P
Loretta Camma(
District Cle
Nacogdoches County, T

JESSICA OLIVAREZ

CAUSE NO.: **C2338857** _____

| | | |
|---|---|---|
| **CARLOS VILLANUEVA** <br> *PLAINTIFF* | § <br> § <br> § | IN THE 145TH JUDICIAL |
| **VS.** | § <br> § | DISTRICT COURT |
| **AZIMJON TALIBOJANOVICH** <br> **SAKSANOV,** <br> **AND SUCCESSOR INC.** <br> *DEFENDANTS* | § <br> § <br> § | OF NACOGDOCHES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TRO AND EX PARTE ORDERS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, CARLOS VILLANUEVA and files this their original petition and application for TRO and ex parte orders against Defendants, AZIMJON TALIBOJANOVICH SAKSANOV AND SUCCESSOR INC., joint and severally, and allege as follows:

### I. PARTIES

**1.1** Plaintiff, CARLOS VILLANUEVA (hereinafter referred to as Plaintiff VILLANUEVA) is an individual and resident of NACOGDOCHES, TEXAS.

**1.2** Defendant SUCCESSOR INC. is a foreign corporation whose headquarters are located at 1000 N West St. Suite 1200, Wilmington, DE 19801 and may be served with process through its registered agent at: MICHAEL D UNRUH, 1200 CORPORATE SYSTEMS CENTER AMARILLO, TX 79102.

**1.3** Defendant AZIMJON TALIBOJANOVICH SAKSANOV (hereinafter referred to as Defendant SAKSANOV) is an individual and resident of NEW YORK AND may be served at: 149 BRIGHTON 11TH 1 E, BROOKLYN, NEW YORK 11235.

1

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

## II.   JURISDICTION AND VENUE

2.1     Subject matter jurisdiction is proper in this Court because the amount in controversy is within the jurisdictional limits of the court in which Plaintiff now sues.

2.2     This court has personal jurisdiction over the parties because PLAINTIFF, CARLOS VILLANUEVA is a Texas resident, defendant AZIMJON TALIBOJANOVICH SAKSANOV is a nonresident individual who committed a tort in this state and is subject to the Texas Long Arm Statute, see Tex. Prac. Rem. Code 17.041, and SUCCESSOR INC., is a foreign corporation doing business in this state and is subject to the Texas Long Arm Statue, see Tex. Prac. Rem. Code 17.041.

2.3     Venue is proper in NACOGDOCHES COUNTY, TEXAS, pursuant to § 15.002(a)(1) and (2) of the CIVIL PRACTICE & REMEDIES CODE, because it is the County in which the incident occurred and at least one defendant resides.

2.4     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 47(c)(5), Plaintiff has suffered damages in excess of $1,000,000.

## III.   FACTS

4.1     On June 15, 2022, at approximately 08:49 a.m., the referenced collision took place when Defendant SAKSANOV travelling on an 18-wheeler was in the inside lane on 3200 South St turning left at intersection onto the SW Stallings on ramp. Plaintiff VILLANUEVA travelling on a ford truck pulling a trailer was in the outside turn lane also turning onto SW Stallings. Defendant SAKSANOV made a wide left turn and struck Plaintiff VILLANUEVA, resulting in a violent collision with Plaintiff VILLANUEVA's vehicle, causing damage to the Plaintiff's vehicle.

2

VILLANUEVA, CARLOS - JFD/SG

4.2     As a foreseeable result of AZIMJON SAKSANOV'S negligence, Plaintiff suffered serious and permanent injuries. Mr. Villanueva was diagnosed with Cervicalgia and Cervical Disc Disorder at C4-C5 level with myelopathy, post the motor vehicle wreck on June 15, 2022. He also suffered head impact trauma, he has persistent headaches. He has incurred reasonable and necessary medical expenses, physical pain, mental anguish, disability, impairment, and property-related damages. These damages are continuing into the future.

4.3     Defendant SAKSANOV failed to control his speed, failed to yield the right of way, and recklessly and without concern for the safety of others, negligently struck Plaintiff's vehicle causing irreversible and permanent damage to VILLANUEVA and his vehicle.

4.4     As a foreseeable result of SAKSANOV'S negligence, the Plaintiff's previously well-maintained vehicle has suffered great damage. However, the Defendants' recklessness has not only caused deep mental anguish and agony to the Plaintiff but has necessitated various vehicle-related costs and expenses, for which Defendants have steadfastly refused to repair.

4.5     Monday, April 10, 2023, at 3:43 PM Staff at Jason DeSouza Law Firm emailed Brian J Verdi (BRIAN_J_VERDI@progressive.com) the Claims Manager for Progressive Insurance, (PO Box 89401, Cleveland OH 44101, and phone: 440-910-6071.) in reference to Plaintiffs Claim No. 222-856-911. Staff advised Brian Verdi that we wanted to coordinate an inspection of their insured's vehicle (the insured is Defendant Successor, Inc.). In addition, we asked them to forward the location of the

3

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

vehicle and trailer, the 18-wheeler New York License No. 76415-PC. Within minutes at 3:39 PM Brian Verdi replied by email communication stating that Progressive is hiring defense counsel to coordinate the inspection of the vehicle with Jason DeSouza Law Firm.

4.6    On April 11, 2023 at 2:37 PM Terri M Cole with Progressive Insurance (Terri_M_Cole@progressive.com) emailed and advised the staff at Jason DeSouza Law Firm that they had assigned Ekvall & Byrne, L.L.P., 4450 Sigma Rd., Suite 100, Dallas, Texas 75244 and telephone: (972) 239-0839 as the persons for the coordination of the inspection.

4.7    On Monday June 29, 2023 at 3:09 PM Hollie Eisenhauer (Texas State Bar No. 00790635) with Ekvall & Byrne, L.L.P. emailed the staff at Jason DeSouza Law Firm <HEisenhauer@ekvallbyrne.com> and advised the staff that there were having difficulty locating the vehicle. Further, that the owner/operator is no longer with the corporate client and had last possession of it was possibly in New York. She stated that they were still trying to get confirmation on it and pinpoint a location where it can be inspected.

4.8    On June 28, 2023 at 6:16 AM Hollie Eisenhauer with Ekvall & Bryne emailed (HEisenhauer@ekvallbyrne.com) staff to advise them that they had finally been able to track down and get a response from the person in possession of the tractor trailer. It has never been taken out of service and is currently being used in the northern states and housed in Staten Island. We were further advised that the

4

Scanned with CamScanner

operator speaks Russian, and they were currently searching for a Russian translator to better speak with him.

4.9     On Tuesday, July 4, 2023 8:53 AM staff at Jason DeSouza Law Firm emailed Hollie Eisenhauer (HEisenhauer@ckvallbyrne.com) and advised her that we will want to move forward with the inspection and download of the tractor and an inspection of the trailer. We asked them to please forward the available dates and we would coordinate with our experts for travel.

4.10    On Friday, July 21, 2023, 2:04 PM staff at Jason DeSouza Law Firm emailed Hollie Eisenhauer (HEisenhauer@ckvallbyrne.com) and again requested that they please provide their client's availability and exact location for tractor data download.

4.11    At this time Plaintiff has not been informed as to the exact location of the tractor or trailer and no cooperation has been forthcoming on the inspection of the property and the download of the onboard tractor computer.

## V.     CAUSES OF ACTION
## CAUSES OF ACTION AGAINST DEFENDANT AZIMJON SAKSANOV

### A.    NEGLIGENCE/NEGLIGENCE PER SE

5.1     The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant SAKSANOV, who operated his vehicle in a negligent, careless, and reckless manner because he violated the duty which he owed to Plaintiff to exercise ordinary care in the operation of his motor vehicle.

5

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

5.2    Defendant SAKSANOV had a duty to exercise the degree of care that a reasonable careful driver would use to avoid harm to others under circumstances similar to those described herein.

5.3    The negligent, careless, and reckless disregard of duty of Defendant SAKSANOV consisted of, but is not limited to, the following acts, omissions, and violations of Texas state law:

A. Failing to control the speed of his vehicle as necessary to avoid colliding with another person or vehicle that is on the highway in violation of the TEXAS TRANSPORTATION CODE, SECTION §545.351(B)(2);

B. Failing to maintain a clear and reasonable distance between Defendant's vehicle and the other vehicles which would permit him to bring it to a safe stop without colliding into the other vehicles in violation of TEXAS TRANSPORTATION CODE, SECTION §545.062(A);

C. Failing to yield the right-of-way in violation of TEXAS TRANSPORTATION CODE, SECTION §545.151;

D. Failing to abide by the above-listed laws of the STATE OF TEXAS which constitutes negligence per se;

E. Failing to apply the brakes of the vehicle in a timely and prudent manner to avoid the collisions;

F. Failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

G. Failing to turn the vehicle to the right or left in a timely and prudent manner in an effort to avoid the collision in question;

H. Failing to blow the horn to warn of imminent collision;

I. Failing to take proper evasive action to avoid the collisions;

J. Failing to warn others that she would be operating a vehicle recklessly on that day in question;

K. Failing to drive in a reasonable and prudent manner;

6

VILLANUEVA, CARLOS - JFD/SG

**L.** Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle;

**M.** Failing to maintain control of his vehicle;

**N.** Failing to exercise the degree of care as would have been exercised by a driver of ordinary prudence under the same or similar circumstances;

**O.** Failing to regard the safety and welfare of other drivers and pedestrians.

5.4 Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered; and which Plaintiff will continue to suffer in the future, likely for the remainder of his natural life.

5.5 The negligence of Defendant SAKSANOV, by violating the above-listed statutes in the TEXAS TRANSPORTATION CODE, constitutes negligence as a matter of law.

5.6 Defendant SAKSANOV'S conduct described herein constitutes an unexcused breach of duty imposed by the traffic laws and regulations of the United States, the State of Texas.

5.7 Plaintiff was a member of the class of drivers and passengers using roads and highways of Texas that these laws and regulations were designed to protect.

5.8 Defendant SAKSANOV'S unexcused breach of the duty imposed by these laws and regulations proximately caused Plaintiff's injuries described herein.

5.9 The negligent, reckless and careless disregard of duty of the Defendant consisted of, but is not limited to, the following violations of Texas state law, acts and omissions:

7

Scanned with CamScanner

5.13   Plaintiff seeks exemplary damages pursuant to SECTION 41.003(A)(3), TEXAS CIVIL PRACTICE & REMEDIES CODE, to recover punitive and exemplary damages against Defendant SAKSANOV, based on the Defendant's knowledge of the extreme degree of risk involved to Plaintiff, and conscious indifference to the rights, safety, and welfare of others.

## CAUSES OF ACTION AGAINST SUCCESSOR INC.

### C.   *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY

5.14   At the time of the occurrence of the act in question and immediately prior thereto, SAKSANOV was within the course and scope of employment for Defendant SUCCESSOR INC.

5.15   At the time of the occurrence of the act in question and immediately prior thereto, SAKSANOV was engaged in the furtherance of the business of Defendant SUCCESSOR INC.

5.16   At the time of the occurrence of the act in question and immediately prior thereto, SAKSANOV was engaged in accomplishing a task for which SAKSANOV was employed.

5.17   At the time of the occurrence of the act in question and immediately prior thereto, SAKSANOV was subject to the direction and control of SUCCESSOR INC.

5.18   Plaintiff invokes the doctrine of Respondeat Superior as against Defendant SUCCESSOR INC. Defendant, SUCCESSOR INC. is liable for the negligent acts and omissions of their employee/agent/borrowed employee/contractor under the doctrine of vicarious liability, or *respondeat superior or, including joint enterprise.*

### D.   NEGLIGENT ENTRUSTMENT

9

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

5.19  Defendant SUCCESSOR INC. was the owner of the vehicle operated by SAKSANOV.

5.20  Defendant SUCCESSOR INC. entrusted the vehicle to SAKSANOV, a reckless and incompetent driver.

5.21  Defendant SUCCESSOR INC. knew, or through the exercise of reasonable care should have known, that SAKSANOV was a reckless and incompetent driver.

5.22  As described herein, SAKSANOV was negligent on the occasion in question.

5.23  SAKSANOV's negligence was the proximate cause of Plaintiffs' damages.

E.  *NEGLIGENT HIRING/NEGLIGENT ENTRUSTMENT/NEGLIGENT QUALIFICATIONS/ NEGLIGENT VEHICLE MONITORING/NEGLIGENT RETENTION/NEGLIGENT MANAGEMENT/NEGLIGENT CONTRACTING/NEGLIGENT MAINTENANCE/ NEGLIGENT SUPERVISION*

5.24  *Additionally,* Defendants, SUCCESSOR INC. is also negligent in one or more of the following respects:

    a.  negligent hiring;

    b.  negligent entrustment;

    c.  negligent qualifications;

    d.  negligent vehicle monitoring;

    e.  negligent retention;

    f.  negligent management;

    g.  negligent contracting;

    h.  negligent maintenance;

    i.  negligent supervision; and

    j.  such additional acts of negligence, which will be established as the

10

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

case progresses.

## F.  JOINT ENTERPRISE/SINGLE BUSINESS ENTERPRISE

5.25   Plaintiff adopts and incorporates by reference herein as if copied herein in extenso, the allegations contained in the paragraphs above, the same as if set forth herein.

5.26   Plaintiff alleges that Defendant SUCCESSOR INC., with SAKSANOV, were engaged in a joint enterprise, such that these Defendants had an agreement for a common purpose to be carried out by the Defendants, which shared a common pecuniary interest in that common purpose with each Defendant sharing an equal right to direct and control the enterprise.

5.27   SUCCESSOR INC. supplied the tractor to SAKSANOV. In turn, SUCCESSOR INC., with SAKSANOV, were engaged in a joint enterprise, such that these Defendant had an agreement for a common purpose to be carried out by the Defendants, which shared a common pecuniary interest in that common purpose with each Defendant sharing a right to direct and control the enterprise.

5.28   SAKSANOV would agree to drive SUCCESSOR INC.'S tractor, for the use and benefit of SUCCESSOR INC.

5.29   Therefore, under Texas law, each Defendant is individually liable for the acts and omissions of each other Defendant in carrying out the enterprise.

11

Scanned with CamScanner

## G.   GROSS NEGLIGENCE/EXEMPLARY DAMAGES

5.30   As set out above, Defendant SUCCESSOR INC.'S actions constitute not only negligence, but also gross negligence. Defendant SUCCESSOR INC.'S negligent and malicious conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant SUCCESSOR INC.'S acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

5.31   Defendant SUCCESSOR INC. had actual, subjective awareness of the risk involved but, nevertheless, proceeded with malice and in conscious indifference to the rights, safety, or welfare of Plaintiff, or others similarly situated. As a result, each of Defendant SUCCESSOR INC. acts and omissions constitute malice and gross negligence and Plaintiff is entitled to the recovery of exemplary damages.

5.32   Plaintiff seeks exemplary damages pursuant to Section 41.003(a)(3), TEXAS CIVIL PRACTICE & REMEDIES CODE, to recover punitive and exemplary damages against Defendant SUCCESSOR INC., based on the Defendant SUCCESSOR INC.'S knowledge of the extreme degree of risk involved to Plaintiff, and conscious indifference to the rights, safety, and welfare of others.

5.33   By reason of all the above, Plaintiff VILLANUEVA suffered losses and damages in a sum within the jurisdictional limits of this Court, and for which Plaintiff now sues.

12

VILLANUEVA, CARLOS - JFD/SG

## VI.   DAMAGES

6.1    As a direct and proximate result of the acts and omissions in question, Plaintiff VILLANUEVA was severely injured. Plaintiff has suffered loss of economic and noneconomic damages associated with his injuries. Plaintiff has suffered damages as set forth below.

6.2    As a direct and proximate result of collision and the negligent conduct of the Defendants, Plaintiff has suffered severe bodily injuries. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being.

6.3    Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life.

6.4    As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

6.5    As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

reasonable and were the usual and customary charges made for such services in the County where they were incurred.

6.6    As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

6.7    As a consequence of the injuries sustained by the Plaintiff, he has sustained physical impairment and disfigurement. In all reasonable probability, this disability will cause him to suffer long into the future, if not for the balance of his natural life, all due to the damages in an amount that is within the jurisdictional limits of this Court for which he now sues.

6.8    Plaintiff's harm resulted from the collision and grossly negligent conduct of Defendants. Specifically, Defendants committed gross negligence in hiring, failing to supervise and/or retaining Defendant SAKSANOV, which entitles Plaintiff to exemplary damages under TEXAS CIVIL PRACTICES & REMEDIES CODE §41.003(a).

6.9    Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

6.10    The vehicle driven by MR. VILLANUEVA at the time of the wreck was a well-maintained vehicle. The value of the vehicle has diminished drastically by the damages caused due to the referenced collision. As a result, MR. VILLANUEVA is unable to sell the vehicle for the same price he could have prior to this wreck.

14

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

6.11    Further, MR. VILLANUEVA has incurred additional costs due to the damage of his truck in the above referenced wreck. He has suffered both economic and non-economic inconvenience due to the damage to his vehicle by 1) Not having the ability of driving his own vehicle, and 2) Being compelled to incur additional and unnecessary commuting costs.

6.12    Still further, MR. VILLANUEVA was forced to incur the towing charges and storage fees of his damaged vehicle as a result of this wreck.

6.13    Each and every above-referenced damage suffered is the result of Defendants' negligence in causing this wreck.

6.14    By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now files suit.

6.15    Plaintiff bring this suit for Plaintiff's damages including, but not limited to:

　　　1. Reasonable and necessary medical care and expenses in the past;

　　　2. Reasonable and necessary medical care and expenses which will in all reasonable probability, be incurred in the future;

　　　3. Physical pain and suffering in the past;

　　　4. Physical pain and suffering in the future;

　　　5. Physical disfigurement in the past;

　　　6. Physical disfigurement, which in all reasonable probability, will be suffered in the future;

　　　7. Physical impairment in the past;

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

8. Physical impairment which, in all reasonable probability, will be suffered in

the future;

9. Loss of earning capacity in the past;

10. Loss of earning capacity in the future;

11. Mental anguish in the past;

12. Mental anguish in the future;

13. Property damage, diminution in value, and loss of use; and

14. Exemplary and/or punitive damages.

## VII. STATUTORY EXEMPLARY DAMAGES

7.1    Plaintiff sues pursuant to Section 41.003(a)(2), TEXAS CIVIL PRACTICE AND

REMEDIES CODE, to recover punitive and exemplary damages against Defendants

based on the Defendants' knowledge of the extreme degree of risk involved to

Plaintiff, and in conscious indifference to the rights, safety and welfare of others.

## VIII. CONDITIONS PRECEDENT

8.1    Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, R. 54, Plaintiff states that

all conditions precedent to suit have been performed or have occurred, and that every

notice required by law to be given has been properly and timely provided.

## IX.    REQUEST FOR JURY TRIAL

9.1    Plaintiff demands that this case be decided by a jury as allowed by TEX. R. CIV.

P. 215. Plaintiff acknowledges payment of the required jury fee.

16

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

## X. INTEREST

**10.1** Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## XI. NOTICE OF AUTHENTICATION OF DOCUMENTS PURSUANT TO TRCP 193.7

**11.1** Plaintiff hereby provides actual notice to Defendants that Plaintiff will use any or every document produced by each and every Defendants in response to written discovery, in a pretrial proceeding, or at trial. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, any Defendants' production of a document in response to written discovery authenticates the document for use against that Defendant or any other Defendant, unless- within ten (10) days or a longer or shorter time ordered by the court- Defendants object to the authenticity of the document, or any part of it, stating the specific basis for its objection. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## XII. PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**12.1** Plaintiff hereby requests and demands that Defendants preserve and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information

17

Scanned with CamScanner

related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## XIII TEMPORARY RESTRAINING ORDER - ARGUMENT & AUTHORITIES

13.1    The purpose of a Temporary Restraining Order (TRO) is to keep the subject matter of the litigation in status quo until a hearing can be held on an application for a temporary injunction. *See Cannan v. Green Oaks apts., 758 S.W. 2d 753, 755 (Tex. 1988).* The vehicle is currently in the possession of Defendants and is a vital source of objective evidence. If any separate or attached part of the Defendant's vehicle is tampered, altered, destroyed, used, or moved in any manner, Plaintiff will suffer irreparable harm and his case will be prejudiced beyond judicial repair. It is probable that Plaintiff will recover from Defendants after trial on the merits due to the probable testimony of eyewitness(es), and the responding officers.

13.2    Pursuant to *Karamchandi v. Ground Technology, Inc., 678 S.W. 2d 580, 582* (Tex, App. –Houston [14th Dist.] 1984, writ dism'd), Plaintiff has made a prima facie showing that tampering, altering, destroying, using or moving any separate or attached part of the vehicle, would cause irreparable harm, and Plaintiff's cause of action would be either compromised or destroyed, prejudicing Plaintiff's case beyond repair. A temporary restraining order is necessary because Plaintiff has no adequate remedy at law.

13.3    In factually analogous cases, numerous courts have held when, as here, that when Plaintiff alleges that the status quo would be disturbed and that irreparable harm would ensue in the absence of an order restraining Defendants, a temporary

18

Scanned with CamScanner

injunction is the only adequate remedy at law. For example, in *Karamchandi v. Ground Technology, Inc.* 678 SW. 2d 580, 582 (Tex. App. – Houston [14th Dist.] 1984, writ dism'd), the trial court did not abuse its discretion in granting a temporary restraining order and injunction to enjoin a 40% shareholder, seeking liquidation of corporate assets, from writing letters to corporate clients seeking assistance that such an injunction was granted to prevent harm from private communication and to preserve the status quo. *Id. At 582.*

13.4    Here, any separate or attached part of the vehicle itself goes directly to Plaintiff's claim of negligence and gross negligence of Defendants. This vehicle may have an event data recorder onboard that recorded numerous data points like the speed of the vehicle at the time of impact or the direction/angle of the steering wheel. There also could have been mechanical defects such brake line or steering failure that could have contributed to the wreck.

13.5    All separate or attached parts of the vehicle are now in the sole possession of Defendants. Plaintiff is under the belief that Defendants will try to repair the vehicle, return it to its fleet, and continue to use it as part of its everyday business. If Defendants or any non-party pursue any of these actions, this material evidence would be modified, destroyed, altered, spoliated, and permanently lost. Plaintiff needs this physical evidence to further prove her allegations and causes of action. The destruction of the evidence will unquestionably cause irreparable harm to Plaintiff, upon which Plaintiff has no adequate remedy at law. Because Defendants may tamper, alter, destroy, use, or move separate or attached parts of the vehicle, Plaintiff

19

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

has no option but to seek temporary injunction relief from this Court. As *Karamchandi* explains, when there is irreparable harm, and no adequate remedy at law is available to the moving party, a temporary restraining order is the only relief practical to maintain the status quo. Such relief is required and necessary in the case at bar *Karamchandi*, 678 S.W. 2d at 580-82.

13.6     Under the provisions of Tex Civ. P. & Rem 65.011 Plaintiff is entitled to the relief demanded and all or part of the relief requires the restraint of the Defendants, from disposing, destroying, altering, or modifying the subject vehicle and trailer which is an act prejudicial to the Plaintiff and Plaintiff is entitled to this restraining order under the principles of equity and the statutes of this state relating to injunctions. Specifically, Plaintiffs seek an order from the Court that orders the Defendants to preserve the evidence of, 1) the vehicle or its salvage of the Freightliner, Texas license plate 76415-PC. and 2) the trailer being pulled by the aforementioned vehicle on March 7, 2023, that was involved in the accident. Further, Plaintiff request that the TRO order Defendants to allow the inspection of these vehicles and among other things, to download information from the tractors on-board computer.

## XIV REQUEST FOR HEARING ON TEMPORARY INJUNCTION

14.1     Plaintiff requests a hearing on a temporary injunction as soon as practical to prohibit the continuing threat of irreparable harm as well as the spoliation of evidence. The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation until a final hearing can be held on the merits of the

20

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

case. Plaintiff requests restraining Defendants, their agents, from tampering, altering, destroying, using, or moving separate or attached parts of the vehicle until Plaintiff has the opportunity to fully and thoroughly inspect the vehicle. *See Butnaru v. Ford Motor Co.*, 84 S.W. 3d 198, 204 (Tex. 2002). Plaintiff has exercised due diligence in prosecuting this claim. The injury to Plaintiff if Defendants, their agents, alter, destroy or move the video evidence would overweigh any injury the restraining order and injunction would not disserve the public interest. After hearing the Court should enter orders consistent to the relief requested under 12.6 above. Upon final hearing, Plaintiff will have a probable right to relief. Pending a temporary hearing Plaintiff asks the court for an ex parte temporary restraining order. Plaintiffs have made diligent efforts in communication with Defendants and its insurance companies and legal staff to ascertain the location of the tractor and trailer for inspection without success. The Plaintiffs frustrations as described in the facts presented is proof that Court intervention in issuing temporary orders and an injunction is necessary to prevent the spoilage of critical evidence in this case.

## XV  REQUEST FOR EX PARTE ORDER ON TRO PENDING TRO HEARING

15.1    Plaintiff requests that the Court issue the temporary restraining order ex parte, and submits that (1) the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant; (2) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual;

21

Scanned with CamScanner

(3) the applicant is entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunctions; (4) a cloud would be placed on the title of real property being sold under an execution against a party having no interest in the real property subject to execution at the time of sale, irrespective of any remedy at law; or (5) irreparable injury to real or personal property is threatened, irrespective of any remedy at law. Plaintiffs have been unable to find the vehicle and fear the Defendants are some unknown parties will interfere with the evidence and in particular erase or damage the data contained in the tractors onboard computer. Immediate action, an ex parte order, is needed to prevent irreparable injury to Plaintiff's relief at law.

## XVI. Bond

Plaintiff requests that the Court issue the temporary restraining order, and in lieu of a surety bond, Plaintiff requests that the Court accept a no bond or a signature bond.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered for the Plaintiff against the Defendants, for actual damages in an amount in excess of the minimum jurisdictional limits of the court, exemplary damages, interest, attorney fees and taxable costs of court.

22

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

RESPECTFULLY SUBMITTED,

DeSOUZA INJURY LAWYERS
4047 NACO PERRIN
SAN ANTONIO, TEXAS 78217
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

BY: /S/ Jason F. DeSouza
JASON F. DESOUZA
STATE BAR NO.: 24073255
jason@jfdlawfirm.com

BY: /S/ Doyle Weaver
DOYLE WEAVER
STATE BAR NO.: 24000869
doyle@jfdlawfirm.com

ATTORNEYS FOR PLAINTIFF

23

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

## VERIFICATION OF DOYLE WEAVER

**COUNTY OF BEXAR** §

**STATE OF TEXAS** §

BEFORE ME, THE UNDERSIGNED NOTARY PUBLIC, PERSONALLY APPEARED, DOYLE WEAVER, WHO BEING DULY SWORN UPON HIS OATH, STATED AS FOLLOWS:

MY NAME IS DOYLE WEAVER. I AM AN ATTORNEY OF RECORD FOR THE PLAINTIFF. I HEREBY CERTIFY THE MATERIALS MATTERS OF FACT STATED IN THIS PETITION ARE WITHIN MY KNOWLEDGE AND ARE TRUE AND CORRECT.

DOYLE WEAVER

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _24_ TH AUGUST 2023.

NOTARY PUBLIC
COMMISSION EXPIRES _04/28/2024_

MICHELLE LEE ROBERSON
Notary Public, State of Texas
Comm. Expires 04-28-2024
Notary ID 128859060

24

VILLANUEVA, CARLOS - JFD/SG

Scanned with CamScanner

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

DeSouza Injury Lawyers
Bar No. 24073255
jason@jfdlawfirm.com
Envelope ID: 78899000
Filing Code Description: Petition
Filing Description: VILLANUEVA, Carlos- Original Petition - TRO and OSH TRO Order
Status as of 8/25/2023 9:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Jason DeSouza | | jason@jfdlawfirm.com | 8/24/2023 5:01:29 PM | SENT |
| Michelle Roberson | | michelle@jfdlawfirm.com | 8/24/2023 5:01:29 PM | SENT |
| Commercial Scheduling | | Comm_scheduling@jfdlawfirm.com | 8/24/2023 5:01:29 PM | SENT |
| Doyle Weaver | | doyle@jfdlawfirm.com | 8/24/2023 5:01:29 PM | SENT |
| Isha Upadhyay | | Isha@jfdlawfirm.com | 8/24/2023 5:01:29 PM | SENT |

Scanned with CamScanner